## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**GREGORY CRABB**
211 Main Street
Apt. B
Washington, DC 20001

*Plaintiff*

   v.

CASE NO._____

**JOHN POE ACPD OFFICERS 1–5**
Arlington County Police Department
1425 N Courthouse Rd,
Arlington, VA 22201

**JOHN DOE PARK POLICE
OFFICERS 1–5**
U.S. Park Police
1100 Ohio Drive, S.W.
Washington, D.C. 20242

**JOHN ROE MPD OFFICERS 1–5**
D.C. Metropolitan Police Department
c/o Office of the Attorney General
441 4th Street, N.W.
Washington, D.C. 20001

*Defendants*

## COMPLAINT AND JURY DEMAND
### (Civil Rights Complaint for Damages)

1.      This is a civil rights complaint against police officers for brutally assaulting

Plaintiff Gregory Crabb, who was protesting nationwide injustice among hundreds of other

protestors.

2.      On June 1, 2020, a group of demonstrators, including Mr. Crabb, gathered

peacefully in Lafayette Square to protest the gross, systemic injustices perpetrated by law

enforcement against Black people in the United States.

1

3.      Mr. Crabb and others were exercising their First Amendment rights to assemble, speak, and petition the government in Lafayette Square. Plaintiff was engaging in political speech to address, through the exercise of his constitutional rights, overt and systemic racism in the American criminal justice system.

4.      Law enforcement officers from local and federal law enforcement agencies surrounded Mr. Crabb and other civil rights activists assembled in Lafayette Square.

5.      U.S. Park Police, Arlington County Police Department, and D.C. Metropolitan Police fired tear gas, pepper spray capsules, rubber bullets, and flash bangs into the crowd and physically charged at Mr. Crabb and the protestors to shatter the peaceful gathering, forcing demonstrators to flee the area.

6.      First, tear gas and rubber bullets began flying. Then, a phalanx of unknown law enforcement officers charged the line of protesters, including Mr. Crabb. Mr. Crabb did not receive any instructions or warnings to disburse. None of the officers spoke to Mr. Crabb prior to the incident.

7.      During the law enforcement officers' surge, Mr. Crabb was shot with one or more rubber bullets and was exposed to tear gas. Then, he was intentionally beaten over the head with a riot shield twice as he was backing away from the charging police officers. Dazed and confused, Mr. Crabb stumbled backward. As he stumbled backward, he noticed a fellow protester who had fallen to the ground. Mr. Crabb attempted to aid the fallen protestor, but an officer knocked him to the ground as he bent down. The entire incident is caught on video by network news cameras.

8.      The unidentified police officers were engaged in the charge, including specifically the officers who beat Mr. Crabb over the head with riot shields and pushed him to the ground.

9.      The law enforcement officers who beat Mr. Crabb at Lafayette Park are largely unidentifiable to Plaintiff. Many such officers took steps to deliberately conceal their identities. However, as the video depicts the officers with some identifying equipment (helmets, etc.), the identifies of the John Doe, John Roe, and John Poe officers should be easily learned through discovery as the police departments on site have records of the employees on duty that day.

10.     Defendants had no legitimate basis to impede Mr. Crabb's peaceful protesting with violence. Defendants' professed purpose—to clear the area to permit the President to walk to a photo opportunity at a nearby church—was a wholly illegal reason for abridging the constitutional rights of Plaintiff and the others assembled in Lafayette Square.

11.     As a direct and proximate result of Defendants' actions, Mr. Crabb was concussed and suffered a traumatic brain injury. Due to the brain injury, Mr. Crabb sought treatment from the traumatic brain injury clinic at MedStar National Rehabilitation Hospital, among several other medical providers. He suffered, and continues to suffer from, headaches, post-concussive syndrome, pain with exertion, sleep disturbances, and balance problems.

## PARTIES

12.     Plaintiff Gregory Crabb is a resident of 211 Bates St. NW, Apt. B, Washington DC 20001, who was demonstrating peacefully in Lafayette Square on June 1, 2020, when Defendants charged without provocation and beat him over the head with a riot shield and pushed him to the ground.

13.     John Doe Park Police Officers 1–5 are officers of the U.S. Park Police who participated in the attack on Mr. Crabb near Lafayette Square on June 1, 2020. They are sued in their individual capacities. At all times relevant to this case, John Doe Park Police Officers were

acting under color of federal law within the scope of their employment with the federal government.

14.    John Roe MPD Officers 1–5 are officers of D.C. Metropolitan Police who participated in the attack on Mr. Crabb near Lafayette Square on June 1, 2020. They are sued in their individual capacities. At all times relevant to this case, John Roe MPD Officers were acting under color of District of Columbia law within the scope of their employment with the District of Columbia.

15.    John Poe ACPD Officers 1–5 are officers of the ACPD and other non-federal law enforcement officials from jurisdictions other than the District of Columbia who participated in the attack on Mr. Crabb and near Lafayette Square on June 1, 2020. They are sued in their individual capacities. At all times relevant to this case, John Poe ACPD Officers were acting under color of state law within the scope of their employment with the Commonwealth of Virginia.

16.    The Court has subject matter jurisdiction over this case under 28 U.S.C. § 1331 because this action presents federal questions and seeks to redress the deprivation of rights under the First and Fourth Amendments to the U.S. Constitution.

17.    The Court has subject matter jurisdiction over this case under 28 U.S.C. § 1343 because this action seeks to redress the deprivation of rights pursuant to 42 U.S.C. § 1983.

18.    Venue is proper in this District under 28 U.S.C. § 1391(e)(1) because all of the events giving rise to the claims took place in this District of Columbia.

## COUNT I – Violation of 42 U.S.C. § 1983
### (First Amendment Rights to Speech, Assembly and Petition)

19.     Defendants deliberately violated Mr. Crabb's well-established protections for the exercise of speech and assembly in public places by assaulting him when he was attempting to peacefully exercise his First Amendment rights.

20.     Defendants' actions were based on, or taken in, retaliation for Mr. Crabb's viewpoint; specifically, the view that law enforcement should treat all people equally.

21.     Defendants' violent actions were not a reasonable regulation of the time, place, or manner of Mr. Crabb's First Amendment protected activity. These actions were not justified by a compelling – or seven substantial – government interest. Even assuming, *arguendo*, that there was a government interest in clearing Lafayette Square and its vicinity demonstrators, Defendants' actions were not narrowly tailored to serve that government interest in a lawful manner. Defendants beat Mr. Crabb over the head with a riot shield for no reason.

22.     Defendants are jointly and severally liable to Mr. Crabb pursuant to 42 U.S.C. § 1983 for the above-stated violations of his rights.

23.     Defendants acted with reckless or callous indifference to Mr. Crabb's federally protected rights and, therefore, are liable for punitive damages.

24.     As a direct and proximate result of Defendants' actions, Mr. Crabb has lost wages and will in the future lose wages.

25.     As a direct and proximate result of Defendants' actions, Mr. Crabb has incurred significant medical bills and will in the future incur significant medical bills.

26.     As a direct and proximate result of Defendants' actions, Mr. Crabb has experienced severe pain and suffering.

27.     As a direct and proximate result of Defendants' actions, Mr. Crabb will in the future experience severe pain and suffering.

## COUNT II – Violation of 42 U.S.C. § 1983
### (Fourth Amendment Right Against Unreasonable Seizure)

28.     Defendants beat Mr. Crabb over the head multiple times with a riot shield, when Mr. Crabb was merely peacefully protesting police injustice.

29.     Defendants tear gassed and shot Mr. Crabb with rubber bullets, despite Mr. Crabb peacefully protesting.

30.     Defendants pushed Mr. Crabb to the ground after beating him over the head with a riot shield multiple times, even though he was bent over to assist a fallen protestor.

31.     Defendants' assault of Mr. Crabb was captured on video and show that Mr. Crabb was acting peacefully during the entire incident.

32.     Under the circumstances, in which Mr. Crabb was acting peacefully and was no threat to the officers whatsoever, Defendants' actions constituted unreasonable use of force in violation his clearly established Fourth Amendment rights against the excessive use of force and unreasonable seizure.

33.     Defendants are jointly and severally liable to Mr. Crabb pursuant to 42 U.S.C. § 1983 for the above-stated violations of his rights.

34.     Defendants acted with reckless or callous indifference to Mr. Crabb's federally protected rights and, therefore, are liable for punitive damages.

35.     As a direct and proximate result of Defendants' actions, Mr. Crabb has lost wages and will in the future lose wages.

36.     As a direct and proximate result of Defendants' actions, Mr. Crabb has incurred significant medical bills and will in the future incur significant medical bills.

37.     As a direct and proximate result of Defendants' actions, Mr. Crabb has experienced severe pain and suffering.

38.     As a direct and proximate result of Defendants' actions, Mr. Crabb will in the future experience severe pain and suffering.

## COUNT III – Violation of First Amendment Rights – *Bivens*

39.     Defendants' actions, specifically, beating Mr. Crabb over the head, hitting him with rubber bullets, spraying him with tear gas, and charging him, were intended to suppress Mr. Crabb's peaceful demonstration and the viewpoint it represented.

40.     Defendants deliberately violated Mr. Crabb's well-established protections for the exercise of speech and assembly in public places.

41.     Defendants' actions were based on, or taken in, retaliation for the Mr. Crabb's viewpoint; specifically, the view that law enforcement should treat all people equally.

42.     Defendants' violent actions were not a reasonable regulation of the time, place, or manner of Mr. Crabb's First Amendment protected activity. These actions were not justified by a compelling – or seven substantial – government interest. Even assuming, *arguendo*, that there was a government interest in clearing Lafayette Square and its vicinity demonstrators, Defendants' actions were not narrowly tailored to serve that government interest in a lawful manner.

43.     Defendants are jointly and severally liable to Mr. Crabb pursuant to 42 U.S.C. § 1983 for the above-stated violations of his rights.

44.     Defendants are jointly and severally liable to Mr. Crabb pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971) for this violation of his rights.

45.     Defendants acted with reckless or callous indifference to Mr. Crabb's federally protected rights and, therefore, are liable for punitive damages.

46.     As a direct and proximate result of Defendants' actions, Mr. Crabb has lost wages and will in the future lose wages.

47.     As a direct and proximate result of Defendants' actions, Mr. Crabb has incurred significant medical bills and will in the future incur significant medical bills.

48.     As a direct and proximate result of Defendants' actions, Mr. Crabb has experienced severe pain and suffering.

49.     As a direct and proximate result of Defendants' actions, Mr. Crabb will in the future experience severe pain and suffering.

**COUNT IV – Violation of Fourth Amendment Rights - *Bivens***

50.     Defendants beat Mr. Crabb over the head multiple times with a riot shield, when Mr. Crabb was merely peacefully protesting police injustice.

51.     Defendants tear gassed and shot Mr. Crabb with rubber bullets, despite Mr. Crabb peacefully protesting.

52.     Defendants pushed Mr. Crabb to the ground after beating him over the head with a riot shield multiple times, even though he was bent over to assist a fallen protestor.

53.     Defendants' assault of Mr. Crabb was captured on video and show that Mr. Crabb was acting peacefully during the entire incident.

54.     Under the circumstances, in which Mr. Crabb was acting peacefully and was no threat to the officers whatsoever, Defendants' actions constituted unreasonable use of force in violation his clearly established Fourth Amendment rights against the excessive use of force and unreasonable seizure.

55.     Defendants are jointly and severally liable to Mr. Crabb pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971) for this violation of his rights.

56.     Defendants acted with reckless or callous indifference to Mr. Crabb's federally protected rights and, therefore, are liable for punitive damages.

57.     As a direct and proximate result of Defendants' actions, Mr. Crabb has lost wages and will in the future lose wages.

58.     As a direct and proximate result of Defendants' actions, Mr. Crabb has incurred significant medical bills and will in the future incur significant medical bills.

59.     As a direct and proximate result of Defendants' actions, Mr. Crabb has experienced severe pain and suffering.

60.     As a direct and proximate result of Defendants' actions, Mr. Crabb will in the future experience severe pain and suffering.

### COUNT V – Assault and Battery

61.     Defendants committed assault and battery against Mr. Crabb when, without provocation or justification, they charged at him and beat him over the head with a riot shield multiple times.

62.     Defendants' conduct was intentional and malicious.

63.     As a direct and proximate result of Defendants' actions, Mr. Crabb was placed in apprehension of imminent harmful and offensive bodily contact without privilege or consent.

64.     As a direct and proximate result of Defendants' actions, Mr. Crabb has incurred significant medical bills and will in the future incur significant medical bills.

65.     As a direct and proximate result of Defendants' actions, Mr. Crabb has experienced severe pain and suffering.

66.     As a direct and proximate result of Defendants' actions, Mr. Crabb will in the future experience severe pain and suffering.

## RELIEF REQUESTED

67.     WHEREFORE, Plaintiff respectfully requests that the Court:

a.  Issue a judgment declaring that Defendants' acts violated the First Amendment, Fourth Amendment, and 42 U.S.C. § 1983.

b.  Award compensatory and punitive damages to Plaintiff according to proof at trial, including damages for lost wages, medical bills, and pain and suffering, in an amount in excess of $75,000.

c.  Award costs of suit and attorneys' fees; and

d.  Provide such other relief as the Court may deem just, proper, and appropriate.

## JURY DEMAND

68.     Plaintiff requests a trial by jury on any and all issues raised by this Complaint which are triable by right of a jury.

Respectfully submitted,


By:   Peter T. Anderson /s/
Peter T. Anderson, D.C. (Bar No. 989536)
MORGAN AND MORGAN
4250 North Fairfax Drive
Suite 635
Arlington, VA 22203
571-357-7580 (tel.)
571-357-7606 (fax)
panderson@forthepeople.com

10